UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KWAME OPOKU,

                            Plaintiff,                                      CV 13-0940

                                                                                             (Spatt, J.)

     -against-

THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON
TOWN POLICE DEPARTMENT, JAMES OVERTON,
LIEUTENANT JAMES KIERNAN,  POLICE OFFICER
ERIC SICKLES AND UNKNOWN   JOHN DOE
SUPERVISORS, DETECTIVES AND POLICE OFFICERS
 EMPLOYED BY THE TOWN OF SOUTHAMPTON,

                                    Defendants.
--------------------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND ORDER

The parties to this action, having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the privacy interests of the parties and other persons, including non-parties to this action, and based upon this stipulation of the parties, and good cause for entering this Confidentiality Stipulation having been shown:

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned attorneys for the parties, and So Ordered by the Court, as follows:

1.      This Stipulation shall apply to all information disclosed, whether formally or informally, during the course of the above-captioned litigation, including, without limitation, information disclosed: during discovery, a motion or any conference; in any pleading, document, affidavit, brief, motion paper, transcript, or other writing; and in testimony given in a deposition or hearing ("Litigation Materials"). Litigation Materials shall include written materials and the contents of said written materials.

2. Any party to this Agreement, directly or through the undersigned counsel, may designate Litigation Materials "Confidential" or "Confidential – Attorneys Only" by stamping or writing the words "Confidential" or "Confidential – Attorneys Only" on the document or other Litigation Materials at or before production or disclosure or by notifying the undersigned attorneys of record for the appropriate party, in writing, that such Litigation Materials are "Confidential" or "Confidential – Attorneys Only" within ten (10) days following such production or disclosure.  All designations should be made in good faith.  For the first ten (10) days following production or disclosure (and thereafter, if so designated), all Litigation Materials shall be deemed "Confidential – Attorneys Only".

3. Litigation Materials designated as "Confidential – Attorneys Only" and all copies thereof shall be maintained in confidence by the person to whom such materials are produced or disclosed, and may be disclosed only to the following persons:

> Counsel of record to the parties in this litigation, and the legal associates, and clerical or other support staff who are employed by such counsel and are assisting such counsel in the litigation.

Litigation materials designated as "Confidential – Attorneys Only" may not be disclosed to the plaintiff or defendant(s).

4. Counsel and any other person obtaining information from Litigation Materials designated "Confidential" or "Confidential – Attorneys Only" shall maintain such information as confidential and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation, and neither Litigation Materials designated "Confidential" or "Confidential – Attorneys Only" nor the contents thereof shall be disclosed to anyone nor used for any other purpose. Any person obtaining

access to confidential information in connection with this action shall use that information only in and for purposes of this action, and shall not use such confidential information for any other purpose, including the furtherance of the person's interests, or in any administrative or other judicial proceeding.  If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief from this or any other Court.

5. Before giving access to Litigation Materials designated "Confidential – Attorneys Only" to any person pursuant to Paragraph 3, counsel for the appropriate party shall provide such person with a copy of this Agreement and shall obtain from such person a written and signed Certification (in the form annexed hereto) wherein such person shall state that he or she agrees to be bound by the terms of this Agreement.  The counsel of record who has given access to Litigation Materials designated "Confidential – Attorneys Only" to such person shall retain the Certification until the conclusion of the litigation.  At any time, counsel for any of the parties may request copies of any or all such Certifications.  If counsel for the party receiving such request objects to providing the requested Certifications, counsel for the requesting party may move the Court within twenty (20) days of receipt of such objection to determine whether the requested Certifications should be produced.

6. If Litigation Materials designated "Confidential – Attorneys Only" are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential – Attorneys Only" and the party submitting such papers shall undertake all reasonable efforts to have the papers filed under seal or in camera and not

disclosed to any person except as authorized by this Agreement, unless ordered by the Court.

7. Notwithstanding the provisions of paragraph "3" above, a person or party is free to disclose its own confidential information without restriction.

8. If any person, including a party, in possession of Litigation Materials designated "Confidential – Attorneys Only" receives a subpoena compelling production or other disclosure of the confidential materials, such person shall promptly give written notice to counsel for the party who designated the materials "Confidential – Attorneys Only", stating that confidential material is sought and enclosing a copy of the subpoena. Such written notice shall be given sufficiently in advance of the requested production date to the party that designated the materials as or "Confidential – Attorneys Only" such that the party shall have an opportunity to object to production. If such objection is timely made, no production shall take place absent court order. In no event shall production or disclosure be made before notice is given.

9. If any party objects to the designation of any Litigation Materials as "Confidential – Attorneys Only", the party shall so state by letter to counsel for the person or entity making the designation. If such objection cannot be resolved within ten (10) days following the service of such objection, counsel for the non-designating party may move the Court within thirty (30) days following the service of such objection to determine whether the material at issue qualifies for "Confidential – Attorneys Only" treatment. Until the Court rules on such motion, or in the absence of any such motion, the materials at issue shall continue to be deemed and treated as designated. An objection

to the designation of Litigation Materials as "Confidential" or "Confidential – Attorneys Only" may be made at any time.

10. Promptly after the conclusion of this litigation, all Litigation Materials designated "Confidential – Attorneys Only" and all copies or notes made therefrom shall be delivered to counsel for the party that produced them, or, at the request of such party, such Litigation Materials shall be destroyed and written assurance of their destruction shall be provided.

11. By this Agreement, the parties do not waive any right to object to any discovery or disclosure request or to seek any protective order on any grounds. The parties reserve the right to apply to the Court on notice at any time to seek a modification of this Order.

12. This Agreement may be executed in counterparts, and facsimile signatures shall be valid and binding.

Dated: Smithtown, New York
       October 21, 2013

| | |
|---|---|
| BADER, YAKAITIS & NONNENMACHER<br>Attorney for Plaintiff<br>350 Fifth Avenue, Suite 7210<br>New York, N.Y. 10118 | DEVITT SPELLMAN BARRETT<br>Attorneys for Defendant<br>50 Route 111<br>Smithtown, N.Y. 11787 |
| By:_____/s/_____<br>JOHN NONNENMACHER, ESQ. | By:_____/s/_____<br> KELLY E. WRIGHT, ESQ. |

SO ORDERED:

_____

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
KWAME OPOKU,

                Plaintiff,                              CV 13-0940

                                                                         (Spatt, J.)

      -against-

THE TOWN OF SOUTHAMPTON, THE SOUTHAMPTON
TOWN POLICE DEPARTMENT, JAMES OVERTON,
LIEUTENANT JAMES KIERNAN,  POLICE OFFICER
ERIC SICKLES AND UNKNOWN   JOHN DOE
SUPERVISORS, DETECTIVES AND POLICE OFFICERS
 EMPLOYED BY THE TOWN OF SOUTHAMPTON,

                Defendants.
------------------------------------------------------------------------------X

## ACKNOWLEDGEMENT AND CONSENT

      I hereby certify that: (i) I have read the Confidentiality Stipulation and Order (the "Order") that has been entered by the Court in this action, and I understand its terms; (ii) I understand that discovery material designated as Confidential under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential and limiting the use of such material to the conduct of the action; and (iv) I hereby submit to the jurisdiction of the United States District Court for the Eastern District of New York for purposes of enforcement of the Order.

Dated: _____                          Signature: _____